UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN L. MANCZAK, on behalf of herself and all others similarly situated, Plaintiff, vs. | Case No. 1:13-cv-7277 Judge |
| CREDIT CONTROL, LLC, a Missouri limited liability company; OLIPHANT FINANCIAL, LLC, a Florida limited liability company, Defendants | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, KAREN L. MANCZAK ("Manczak"), by her counsel, and for his Complaint against Defendants, CREDIT CONTROL, LLC ("Credit Control") and OLIPHANT FINANCIAL, LLC ("Oliphant"), to obtain damages, costs of suit, and other suitable relief from Defendants, for its violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, states and alleges as follows.

1.      Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully placing collection calls to Plaintiff on her cellular telephone without her prior express permission or consent, or without a permissible purpose within the meaning of the TCPA.

### JURISDICTION AND VENUE

2.      This Court has federal jurisdiction over the TCPA claims. *See Mims vs. Arrow Financial Services, LLC*, 421 F. App'x 920 (11th Cir. 2010) (unpublished), *rev'd*, 565 U.S., 132 S.Ct. 740, 753 (January 18, 2012); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). This Court also has federal jurisdiction under Class Action Fairness Act because the amount sought class wide is more than five million and the parties are diverse.

1

3.     Venue is proper in this District under 28 U.S.C. § 1391(b) because the allegations herein relate to Defendant's transactions in this District by causing a communication to Plaintiff within this District, and a substantial cause of action occurred within this district.

## PARTIES

4.     Plaintiff is a natural person and a consumer who resides in this district. Plaintiff is domiciled in Illinois. Plaintiff's cellular phone number is (773) XXX-9630.

5.     Defendant Credit Control was and is a debt collection agency engaging in providing debt collection services of debts owed to third parties. Credit Control is incorporated as a limited liability company under the laws of Missouri, and located at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042. Credit Control registered as a foreign limited liability company in the State of Illinois.

6.     Credit Control registered as a debt collection agency in the State of Illinois, and conducts debt collection activity in this state.

7.     Defendant, Oliphant Financial, LLC, located at 9009 Town Center Parkway, Suite 300, Lakewood Ranch, Florida, is incorporated as a limited liability company under the laws of Florida.

8.     Oliphant registered as a foreign corporation in the State of Illinois, and conducts its business in all 48 states, including in the State of Illinois. According its record, Oliphant is the creditor of the purported debt owed or due from Plaintiff.

## FACTS

9.     The purported debt as alleged in this Complaint that the Defendant Credit Control attempted to collect from Plaintiff is a consumer debt because the debt allegedly owed arose from Plaintiff's use of her Mastercard® credit card of the original creditor.

2

10.     On information and belief, Oliphant, a debt buyer, purchased the purported debt from Plaintiff's original creditor.

11.     Oliphant later assigned or referred Plaintiff's purported debt to Credit Control for collection.

12.     The TCPA prohibits the use of "automatic telephone dialing systems" to call consumers' cellular telephone without the consumer's "prior express permission or consent" or a permissible purpose under the TCPA.

13.     On January 4, 2008, the Federal Communications Commission ("FCC") released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling* (the "2008 FCC Order"), CG Docket No. 02-278, 23 F.C.C.R. at 564-65 (¶ 10). The 2008 FCC Order "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *Id.*; *see also February 12, 2012 Report and Order* by the FCC.

14.     Automated Dialing Systems, also known as Predictive Dialing Technology, are commonly used in the debt collection industry. *See* e.g. "The Challenges of Change," Federal Trade Commission (2009), http://www.ftc.gov/bcp/workshops/debtcollection/dcwr.pdf.

15.     Credit Control had no prior established business relationship with Plaintiff.

16.     Credit Control had no prior express permission or consent from Plaintiff to place collection calls to her cellular telephone.

17.     Oliphant had no prior express permission or consent from Plaintiff to place collection calls to her cellular telephone.

18.     Upon information and belief, Credit Control used an automatic telephone dialing system to call Plaintiff and the class.

19.     Credit Control placed at least one such call to Plaintiff's cellular phone in or prior to September 2013.

20.     Credit Control left at least one prerecorded or artificial voice message on Plaintiff's cellular telephone in September 2013.

21.     Upon information and belief, Credit Control obtained Plaintiff's cellular telephone number through a third party's "skip trace" service.

22.     Upon information and belief, Oliphant obtained Plaintiff's cellular telephone number through a third party's "skip trace" service.

23.     Plaintiff was charged for Defendants' calls and therefore actually damaged.

## CLASS ALLEGATIONS

24.     Plaintiff brings this lawsuit on behalf of herself and all other persons similarly situated, as members of the proposed Plaintiff's Class (the "Class") and, under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

25.     Plaintiff proposes the following class definition (the TCPA Class), subject to amendment as appropriate:

> All persons within the State of Illinois who, within four years prior to the date of filing of this Complaint (the "TCPA Period"), either defendant called in an attempt to collect a debt allegedly owed or due to Oliphant, on their cellular telephone through the use of an automated telephone dialing system or an artificial or prerecorded voice, and where either defendant's records do not show that the telephone number called was provided by the called party in connection with the alleged debt.

> Excluded from the Class are (1) persons who either Defendant's records show that they

4

gave express permission or consent directly to either Defendant to call their cellular telephone number prior to either Defendant first placing a call with its automatic telephone dialing system or left a prerecorded or artificial voice message; and (2) Defendant, and any entities in which Defendant has a controlling interest, Defendant's respective agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

26.     Beginning at least as early as in 2009 or thereabout, the exact date and year being unknown to Plaintiff, and continuing to the present, Defendant represents hundreds and thousands of companies, including but not limited to Target Corporation.

27.     As part of its established debt collection policy and practice, Defendants regularly used and uses an automated telephone dialing system or an artificial or prerecorded message to place collection calls to Plaintiff and class members' cellular phone. Defendants placed these collection calls to cellular phone without the called party's prior express permission or consent, or without a permissible purpose.

28.     This action is brought and may properly be maintained as a class action pursuant to the Federal Rules of Civil Procedure 23.  This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions.  Plaintiff does not know the exact size of the class.  Such information is in Defendants' possession due to the nature of the trade and business involved.

29.     Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to:

> a.   Whether Defendants used an automated telephone dialing system or artificial or pre-recorded voice within the meaning of the TCPA;
>
> b.   Whether Defendants had prior express permission or consent, or a permissible

purpose under the TCPA, when it placed calls to Plaintiff's and class

members' cellular telephones to collect a debt;

c. Whether Defendants' use of skip trace or other similar services to obtain

Plaintiff's cell phone number constitutes "prior express permission or

consent"; and

d. Whether such practices violated the TCPA;

30. On information and belief, Plaintiff believes that there are more than 100

members in each class, and the class members are so numerous and dispersed geographically that

their joinder in this action is impracticable.

31. Class action treatment is superior to other alternative actions for the fair and

efficient adjudication of the dispute, and no difficulties are anticipated in the management of this

action because the identities of class members are readily ascertainable from Defendant's

records.

**COUNT I—TCPA Violations (Strict Liability)**

**(Against Credit Control, LLC)**

32. Plaintiff re-states, re-alleges, and incorporates by reference all prior paragraphs in

this paragraph.

33. This Count is against Credit Control, LLC.

34. Credit Control used automatic dialing systems or left prerecorded or artificial

voice message on Plaintiff's cellular telephone, in violation of the TCPA, 47 U.S.C. § 277(b).

35. Upon information and belief, Credit Control also placed other pre-recorded

collection calls to Plaintiff's cell phone from a masked or untraceable telephone number.

36. Section 227(b)(1)(A)(iii) prohibits calls, except emergency calls, to any cellular

6

phone service or any services for which the called party is charged for the call without prior express consent from the called party. 47 U.S.C. 227(b)(1)(A)(iii).

37.    Credit Control's collection calls to Plaintiff's cellular telephone were not for emergency purpose.

38.    Credit Control had no prior express permission or consent from Plaintiff before placing calls to her cellular telephone number to collect a debt.

39.    Credit Control had no prior established business relationship with Plaintiff before placing the collection calls to Plaintiff's cellular number.

40.    Credit Control's telephone calls to Plaintiff's cellular phone using an "automatic telephone dialing system" for nonemergency purposes, in this case for debt collection, and in the absence of Plaintiff's prior express permission or consent, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A).

41.    Credit Control's calls were negligent, or otherwise, willful.

WHEREFORE, Plaintiff respectfully prays this Court for a judgment against Defendant, Credit Control, LLC, as follows:

A.    Statutory damages in the amount of $500 up to $1,500, if willful under 42 U.S.C. § 227(b)(3), for each call placed to Plaintiff's and class members' cellular telephones;

B.    Reimbursement of Plaintiff's reasonable attorney fees and costs; and

C.    Other and further relief as this Court deems just and proper.

## COUNT II—TCPA Violations (Strict Liability)

### (Against Oliphant Financial, LLC)

42.    Plaintiff re-states, re-alleges, and incorporates by reference all prior paragraphs in

this paragraph.

43.     This count is against Oliphant Financial, LLC as a creditor.

44.     The FCC ruled that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, 23 F.C.C. Rcd 559, 565, ¶ 10 (Jan. 4, 2008) (the "2008 FCC Order").

45.     Oliphant is the creditor of the purported debt allegedly owed and due from Plaintiff.

46.     Oliphant assigned or transferred the alleged debt to Credit Control for purposes of collection.

47.     Credit Control is a third party debt collector of Oliphant with respect to Plaintiff's purported debt.

48.     On behalf of Oliphant, Credit Control placed calls, including collection calls, to Plaintiff's cellular telephone, in violation of the TCPA.

49.     Oliphant is liable as a creditor to the extent that Credit Control, a third party debt collector for Oliphant, is liable under the TCPA.

WHEREFORE, Plaintiff respectfully prays this Court for a judgment against Defendant, Oliphant Financial, LLC, as follows:

A.     Statutory damages in the amount of $500 up to $1,500, if willful under 42 U.S.C. § 227(b)(3), for each call placed to Plaintiff's and class members' cellular telephones;

B.    Reimbursement of Plaintiff's reasonable attorney fees and costs; and

C.    Other and further relief as this Court deems just and proper.

Respectfully Submitted,
KAREN L. MANCZAK

By: */s/Kenneth M. DucDuong*
By and through her Attorney

***Counsel for Plaintiff:***

Kenneth M. DucDuong
KMD LAW OFFICE
35 E. Wacker Dr., 9th Floor
Chicago, IL 60601
312-854-7006
ARDC # 6286069

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant(s) takes affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party servicing special purpose accounts belonging to Plaintiff and members of the Class, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant. Please contact the undersigned if you wish to discuss.

*/s/Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

***Counsel for Plaintiff:***

Kenneth M. DucDuong
ARDC# 6286069
KMD LAW OFFICE
35 E. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel.: (312) 854-7006
Fax: (312) 376-1844

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/Kenneth M. DucDuong
Kenneth M. DucDuong
One of Plaintiff's Attorneys

***Counsel for Plaintiff*:**

Kenneth M. DucDuong
KMD LAW OFFICE
35 E. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel.: (312) 854-7006
Fax: (312) 376-1844

## ATTORNEY LIEN

The undersigned attorney asserts, and Plaintiff has assigned to the attorney, up to 1/3 as attorney lien in this action.

*/s/Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

***Counsel for Plaintiff*:**

Kenneth M. DucDuong
KMD LAW OFFICE
35 E. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel.: (312) 854-7006
Fax: (312) 376-1844